**William J. CAMPBELL, Executor of the Estate of Lois King Campbell, Deceased, Appellant, Cross-Appellee,**

v.

**SOUTHWESTERN COTTON OIL COMPANY, Appellee, Cross-Appellant.**

**Nos. 76–1768–69.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 16, 1977.

Decided Nov. 13, 1978.

Charles N. Berry, Jr., Oklahoma City, Okl., for appellant, cross-appellee.

John N. Hermes, Oklahoma City, Okl. (Judson S. Woodruff and John E. Sargent, Jr., Oklahoma City, Okl., with him on the brief; McAfee, Taft, Mark, Bond, Rucks & Woodruff, Oklahoma City, Okl., of counsel), for appellee, cross-appellant.

Before SETH, Chief Judge, BARRETT, Circuit Judge, and ROGERS, District Judge.*

PER CURIAM.

This case has been here before as *Campbell v. Vose*, 515 F.2d 256 (10th Cir.), and upon remand the trial court has determined the fair market value of the dissenting stockholders' shares at the critical date pursuant to 18 O.S.1971 § 1.161 a.

■ The determination by the trial court is supported by the record, and we affirm as to the value of the shares.

■ We have held this appeal until the Oklahoma state court, in a case arising from the same transaction, decided the issue of pre-judgment interest. We now have the opinion of the Court of Appeals, Division 2, State of Oklahoma, in *King v. Southwestern Cotton Oil Co.*, 585 P.2d 385. The court there held that the dissenting shareholders were not entitled to prejudgment interest. The court stated that the Business Corporation Act made no provision for such interest, and no other statute covered the claim. We so hold.

The Oklahoma court also decided that the amount of dividends paid should be credited against the value of the shares to be paid. The United States District Court here so provided.

■ This leaves the issue as to costs recoverable by the shareholders. *See* 18 O.S. § 1.160 e. The Oklahoma trial court allowed costs in the amount of $3,273.08 incurred in the litigation, and the court of appeals affirmed. It appears that the Oklahoma statute contemplates the recovery of costs incurred by the dissenting shareholders except for attorney fees. The affidavit in the record before us of William J. Campbell shows the costs incurred exclusive of attorney fees to have been $4,765.81. It is ordered that these expenditures be recovered as part of the judgment herein.

The judgment is affirmed as to reasonable market value, the denial of prejudgment interest, and the application of dividends; however, the judgment is reversed with directions to permit the recovery by plaintiffs of the amount of $4,765.81 as additional recovery permitted under the Oklahoma statute.

* Of the District of Kansas, sitting by Designation.